**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES FREEMAN NEELY III,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No. 14-1403** |
| **v.** | : | |
| | : | |
| **DEPT. OF HUMAN SERVS. et al.** | : | |
| **Defendants.** | : | |

**MCHUGH, J.**                                                                     **MARCH 23, 2015**

**MEMORANDUM**

Plaintiff James Neely filed a *pro se* complaint on March 6, 2014.  The Complaint alleges that on February 28, 2014, Marquis Woodard, an employee of the Philadelphia Department of Human Services (DHS), and a co-worker arrived at an address in Philadelphia with the intention of removing Mr. Neely's son.  Plaintiff alleges the DHS employees had neither "legal documentation" nor "probable cause."  Mr. Neely complained to the police, and the DHS employees did not remove Mr. Neely's son.  However, Mr. Neely's son was removed several days later on March 5, 2014.  According to exhibits Mr. Neely filed with this Court, Philadelphia's Family Court restored Mr. Neely's son to him on April 22, 2014.  Mr. Neely alleges he has suffered an "anxiety attack, chest pain, emotional distress, shock of the conscience, mental anguish, and emotional anguish" because of the actions of DHS and its employees.

Mr. Neely's Complaint makes several claims for relief based on federal and state law:

1.  Civil Conspiracy

2.  Violations of the Eighth and Fourteenth Amendments

3.  Violations of the Equal Protection Clause of the Fourteenth Amendment

4.   Violation of 42 Pa. C.S. § 8550 (Willful misconduct)

5.   Malicious prosecution

6.   Abuse of Process

7.   Gross Negligence and Negligence

Defendants Marquis Woodard, Zachary Harris, and Marilyn Streeter filed a Motion for Summary Judgment on December 2, 2014.  Defendants seek summary judgment on all of Plaintiff's federal and state claims.  Plaintiff did not reply, but I must still consider the merits of the motion.  Fed. R. Civ. P. 56(e)(3); Local Rule Civ. P. 7.1(c).

**I.      Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure directs courts to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  The court "must view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion" and only grant summary judgment if the moving party shows there are no "genuine issues of material fact such that a reasonable jury could return a verdict for [the non-moving party]." *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005) (internal citations omitted).

**II.     Claims Based on the Eighth Amendment**

The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  Plaintiff does not clearly explain how Defendants' conduct violated the Eighth Amendment, but from the record before me, it is plain that a reasonable jury could not return a verdict for the Plaintiff on this claim.  There are no facts alleged that relate to excessive bail or fines.  Plaintiff's treatment at the hands of DHS employees also does not amount to "cruel and unusual punishment."  The

Supreme Court explained in *Ingraham v. Wright*, 430 U.S. 651, 666 (1977), that the Eighth Amendment's prohibition of cruel and unusual punishment is generally limited to situations that relate to criminal punishment.  "In the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable." *Id.*  In this case, Plaintiff is challenging the conduct of DHS employees who temporarily removed his son from his custody. I have found no authority to support a conclusion that DHS employees' conduct violated the Eighth Amendment.  I shall grant summary judgment on this claim.

### III.     Claims Based on the Fourteenth Amendment's Equal Protection Clause

Plaintiff's Equal Protection Claim appears to assert Defendants treated Plaintiff differently than others without a justifiable reason.  It is not clear whether Plaintiff is claiming discrimination based on a protected characteristic, such as race or gender, or simply discrimination based on no reason at all.  Plaintiff has not produced evidence to succeed on either theory.

To succeed on a claim of discrimination based on membership in a protected class, Plaintiff must show "the actions of [government] officials (1) had a discriminatory effect and (2) were motivated by a discriminatory purpose." *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002).  The Third Circuit explained, "[t]o prove discriminatory effect, [a plaintiff] had to show she is a member of a protected class and that she was treated differently from similarly situation individuals in an unprotected class." *Id.* at 206.  I find no evidence of any of these elements in the record.

To succeed on a claim of discrimination not based on membership in a protected class, but instead on a theory that Plaintiff was treated differently for no justifiable reason at all,

Plaintiff must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff has not identified any similarly situated individuals who have been treated differently.

Plaintiff has not shown there is any evidence supporting essential elements of his Equal Protection claim. Therefore I shall grant summary judgment on this claim.

### IV.     Plaintiff's State Law Claims

Because I find it appropriate to grant summary judgment on Plaintiff's federal claims, I have some discretion regarding whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *Bright v. Westmoreland County*, 443 F.3d 276, 286 (3d Cir. 2006). The Third Circuit explained a court "must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Id.* (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). Defendants suggest it is in the interests of "judicial economy, convenience, and fairness to the parties" for this Court to maintain supplemental jurisdiction.

I disagree, and I do not find there are adequate affirmative reasons to maintain jurisdiction over Plaintiff's several state law claims. Weighing in favor of maintaining jurisdiction, discovery has been completed. On the other hand, the discovery does not seem to have been extensive. Furthermore, the court has not ruled on any motions in this case save for this one. The state law claims are numerous. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). Finally,

4

the events that gave rise to Plaintiff's state law claims occurred relatively recently, so dismissing at this stage is unlikely to prejudice any of the parties.

An appropriate order follows.

_____/s/ Gerald Austin McHugh_
United States District Court Judge